IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
OCTOBER 14, 2003 Session

## NANCY GAIL (PAULK) DORAN v. OATHER PAUL DORAN

Direct Appeal from the General Sessions Court for Hardin County
No. 5004     Steve Beal, Judge, Sitting by Interchange

─────────────

No. W2003-00170-COA-R3-CV - Filed January 12, 2004

─────────────

This appeal arises from the lower court's disposition of marital property. The lower court found that four parcels of real estate in Hardin County, Tennessee belonged to the parties as marital property and ruled that the parties held the parcels as tenants in common. The lower court then ordered each party to submit a sealed bid for the purchase of the other's interest in the four parcels, with the highest bidder to be awarded outright ownership. Husband appeals this manner of division, alleging that it fails to ensure that the winning bid equals or exceeds fair market value. For the following reasons, we reverse the ruling of the lower court and remand for further proceedings.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the General Sessions Court Reversed and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Lloyd R. Tatum, Henderson, TN, for Appellant

Dennis W. Plunk, Savannah, TN, for Appellee

**OPINION**

**Facts and Procedural History**

This appeal comes to us from a divorce proceeding instituted by Nancy Gail Doran ("Wife") on July 27, 2000. In her complaint for divorce, Wife described five tracts of real property, located in Hardin County, Tennessee, which she alleged to be marital property. Oather Paul Doran ("Husband"), in his answer and counter-complaint, denied that some of these tracts constituted marital property. After conducting a hearing on the merits, and upon written information submitted by the parties, the lower court found that four of the parcels of land described in Wife's complaint

were, indeed, marital property. Accordingly, the trial court ruled that the parties held these parcels as tenants in common.

The lower court then set forth a procedure by which either party might acquire the other's interest in any of the four tracts of realty. Specifically, the lower court ruled:

> [I]f either Husband or Wife desires to retain any of the foregoing tracts or parcels of real property deemed to be "marital property" as above set forth and the other party does not desire to retain his or her interest in such real property, then the party desiring to retain said real property shall pay to the other party within forty-five (45) days one-half (1/2) of the appraised fair market value as herein set forth for each specific property, and the other party shall execute a Quit Claim Deed upon receipt of such funds divesting his or her rights, title and interest therein to the acquiring party . . . [I]f both Husband and Wife desire to retain and acquire from the other all rights, title, and interests in and to the above tracts or parcels of land deemed to be "marital property" then the parties shall submit, through their respective attorneys, written sealed bids to the Clerk of the General Sessions Court for Hardin County, Tennessee, within forty-five (45) days, said written bids to be opened simultaneously, and the party making the highest offer or bid for each parcel or tract of said "marital property" shall become the sole owner of such real property by paying to the other party one-half (1/2) of the total bid or offer for each separate parcel for which that party was the highest bidder, and the other party shall execute a Quit Claim Deed divesting his or her interests to the other party upon receipt of said funds, all to be accomplished within forty-five (45) days . . . [I]f neither Husband nor Wife submit any bids to retain and acquire the rights, title and interests of the other party in and to said marital real properties described above, then either party may petition the Court for a Court-administered public sale following the lapse of the said forty-five (45) day period.

Husband and Wife each desired to retain all four parcels, and, pursuant to the above procedure, each tendered an offer of one-half the appraised fair market value of the parcels in exchange for the other's one-half interest. The desire of both parties to retain the parcels triggered the next phase of the lower court's prescribed procedure, which consisted of a sealed bid process between Husband and Wife.

Wife filed her sealed bids, and notice of the filing, with the lower court on November 18, 2002. The record does not indicate the amount of these bids. Husband declined to file any sealed bids, electing, instead, to file a motion for a new trial on October 31, 2002. In his motion, Husband alleged that the lower court erred in ordering the sale of the marital property through this sealed bid process. The lower court denied this motion on December 18, 2002, and Husband then timely filed the instant appeal.

**Issue on Appeal**

Husband raises one issue for our consideration:

I.      Whether the trial court erred in ordering the sale of the parties' marital property without ensuring that fair market value is obtained.

**Standard of Review**

Our review of this non-jury case is *de novo* upon the record with a presumption of correctness as to the lower court's factual findings, unless the preponderance of evidence is otherwise. Tenn. R. App. P. 13(d). Our review of the lower court's conclusions of law, however, is *de novo* with no presumption of correctness. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

**Law and Analysis**

In his one issue on appeal, Husband contends that the lower court erred in its manner of selling the parties' marital real property. Specifically, Husband contends that the sealed bid process violates Tenn. Code Ann. § 36-4-121 (2003) because it fails to ensure that the winning bid equals or exceeds the fair market value of the four tracts of marital property. Wife concedes that the lower court failed to expressly set a minimum bid price of fair market value. She argues, however, that such a limitation is reasonably implied from the overall context of the order. This implication arises from the fact that the sealed bid process represents the second step in the overall procedure crafted by the trial court. The parties only reached the second step by first demonstrating a willingness to pay the appraised fair market value for the parcels of marital realty. According to Wife, it is reasonable to assume that the appraised fair market value was intended to thereafter serve as the starting point in the subsequent bidding process.

Tenn. Code Ann. § 36-4-121(a)(3) grants a trial court the authority to order the sale of marital property, pursuant to a divorce proceeding, by either public auction or private sale. This section, however, clearly contemplates that the trial court will take measures to protect the interests of the parties by ensuring that the property is sold for its fair value. The measures to be taken by the court depend upon the manner in which the property is disposed. If the property is sold at public auction, the trial court must comply with the various requirements for public judicial sales enumerated in Tenn. Code Ann. § 35-5-101 to -114 (2001). Tenn. Code Ann. § 36-4-121(a)(3)(A). If the property is to be sold privately, the trial court has the option to impose the provisions of title 35, chapter 5, but it is not required to do so. Tenn. Code Ann. § 36-4-121(a)(3)(B). If the trial court declines to impose those provisions in a private sale, however, there is still the expectation that the court will exercise its discretion in such a way as to "ensure that such [marital] property is sold for its fair market value." Tenn. Code Ann. § 36-4-121(a)(3)(C). We find, in the present matter, that the lower court failed to comply with Tenn. Code Ann. § 36-4-121. The sealed bid process ordered by the lower court contains no explicit condition meant to ensure a price of fair market value, and we are

not willing to make the intuitive leap urged by Wife that might create such a condition by implication.

We note, as an ancillary matter, that the trial court was well within its authority, as granted by Tenn. Code Ann. § 36-4-121, to order a private sale of the four tracts of marital property. We also note that neither party has argued on appeal that the appraised fair market values for the marital property determined at the trial level are erroneous or unfair. As such, the trial court need only take measures to ensure that the appraised fair market values for the parcels of land are equaled or exceeded by the eventual purchaser of the property.

### Conclusion

For the foregoing reasons, we reverse the ruling of the trial court and remand for further proceedings consistent with this opinion. Costs of this appeal are taxed to the Appellee, Nancy Gail Doran, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE